Approved.
/s/ *Benita Y. Pearson* on 2/7/2024
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| EVAN LAMBERT,<br><br>        *Plaintiff*,<br><br>  v.<br><br>JOHN C. HARRIS, JR., *in his personal capacity.*<br><br>        *Defendants*. | CASE NO. 4:23-cv-2200 |

## NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), Plaintiff Evan Lambert ("Mr. Lambert") hereby provides notice of the voluntary dismissal without prejudice of his claims against Defendant John C. Harris, Jr. ("Harris"). Because Harris is the only remaining defendant in this action and has not yet served an answer, dismissal of Plaintiff's claims against Harris resolves "the entire controversy" and voluntary dismissal by notice under Rule 41(a) is proper. *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961).[1]

---

[1] On December 22, 2023, Plaintiff filed notice of his timely acceptance of an offer of judgment pursuant to Fed. R. Civ. P. 68 from Defendants City of East Palestine and Columbiana County. *See* ECF No. 13. Such a notice is "self-executing" because Rule 68 "leaves no discretion in the district court to do anything but enter judgment once an offer has been accepted." *Mallory v. Eyrich*,

*(Cont'd on next page)*

| | |
|---|---|
| Dated: February 2, 2024 | */s/ Katie Townsend*<br>Katie Townsend<br>ktownsend@rcfp.org<br>Grayson Clary<br>gclary@rcfp.org<br>Emily Hockett (*pro hac vice*)<br>ehockett@rcfp.org<br>REPORTERS COMMITTEE FOR<br> FREEDOM OF THE PRESS<br>1156 15th Street NW, Suite 1020<br>Washington, DC 20005<br>Phone: 202.795.9300<br>Facsimile: 202.795.9310<br><br>*/s/ Andrew Geronimo*<br>ANDREW GERONIMO<br>andrew.geronimo@case.edu<br>*/s/ Sara Coulter*<br>SARA COULTER<br>sara.coulter@case.edu<br>First Amendment Clinic<br>CASE WESTERN RESERVE UNIVERSITY<br>SCHOOL OF LAW<br>11075 East Boulevard<br>Cleveland, Ohio 44106<br>Telephone: (216) 368-2766<br><br>Attorneys for Plaintiff EVAN LAMBERT |

---

922 F.2d 1273, 1279 (6th Cir. 1991).  And as the Sixth Circuit has explained, a notice of acceptance is effective as of the date "when the offer and acceptance were filed by the parties," even if the clerk has not yet performed "the ministerial act of entering judgment."  *Oates v. Oates*, 866 F.2d 203, 208 (6th Cir. 1989); *see also id.* (noting that the entry of judgment *nunc pro tunc* is proper under those circumstances).  Defendants Brian McLaughlin, Jennifer Tucker, James Brown III, and Daniel Haueter were dismissed from the action pursuant to the Court's order of January 18, 2024.  *See* ECF No. 21.

2